IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 19-cv-00997-LTB-GPG

K.C. EISENBERGER,

    Plaintiff,

v.

MARY FALLIN,
KEVIN HERN,
JIM BRIDENSTINE,
STATE OF OKLAHOMA, Republican Party,

    Defendants.

---

## RECOMMENDATION OF DISMISSAL

---

This matter comes before the Court on the Complaint. (ECF No. 1).[1] Plaintiff proceeds *pro se*. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 8).[2] The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Complaint be dismissed without prejudice.

---

[1] "(ECF No. ___)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**I. Factual and Procedural Background**

Plaintiff, K.C. Eisenberger, initiated this action on April 4, 2019, by filing *pro se* a Complaint. (ECF No. 1). Mr. Eisenberger sues three individuals who reside in Oklahoma, as well as the State of Oklahoma. The allegations of the Complaint are otherwise rambling and unintelligible.

On April 8, 2019, the Court issued an order directing Plaintiff to show cause, within 30 days, why this action should not be dismissed for improper venue. (ECF No. 5). On April 18, 2019, the copy of the April 8 Order sent to Plaintiff at the Denver, Colorado address he provided in the Complaint was returned to the Court as undeliverable. (ECF No. 6). Mr. Eisenberger has not filed a notice of address change.

**II. Legal Standards**

The Court construes the Complaint liberally because Mr. Eisenberger is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

**III. Analysis**

The allegations of the Complaint indicate that venue is not proper in the District of Colorado. The general federal venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is not proper, the court may cure the defect *sua sponte* pursuant to 28 U.S.C. § 1406(a). *See Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Plaintiff alleges that the named Defendants reside in Oklahoma. (ECF No. 1 at 2). The Complaint does not contain any allegations of conduct that occurred in Colorado. Moreover, the Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

I recommend that this action be dismissed without prejudice for improper venue because a transfer of this action to a federal district court in Oklahoma would not be in the interest of justice.

**IV. Recommendation**

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Complaint and this action be DISMISSED WITHOUT PREJUDICE for improper venue, pursuant to 28 U.S.C. § 1406(a).

DATED at Grand Junction, Colorado, this 16th day of May, 2019.

BY THE COURT:

_____

Gordon P. Gallagher

United States Magistrate Judge